IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kathleen Erickson,                                              Case No. 3:15CV742

    Plaintiff

    v.                                                          **ORDER**

Benchmore Farms, Inc., et al.,

    Defendant

    This is a state law suit between adjacent landowners in rural Ottawa County, Ohio.

    Plaintiff Kathleen Erickson owns a residence on more than twenty-two acres of land. The portion of her land at issue here is woodlands; that property has been in her family since James Monroe was President. It has never been harvested, farmed, or otherwise altered by the hand of man (except for a period when sugar maple trees were tapped for maple syrup).

    Defendant Donald C. Bench is the owner of Benchmore Farms, since the 1970s a family-owned and operated farm. The Bench property lies to the east of the Erickson property. For understandable reasons, Mr. Bench desires to farm as close to the property line as possible.

    In 2013, brush, about five to six feet high and two to three inches in diameter had grown along the property line. To open that space for farming, Bench hired Gary Whiteman to clear the area. Per Whiteman's invoice, he was to "clear[] trees and brush on west side of woods to property

line. Stacking/burning brush/stumps." The parties did not contemplate clearing anything on the other side of the property line.

But Whiteman did more than set forth in the invoice. Between October 1 and December 4, 2013, Whiteman went as deep as fifty feet into plaintiff's property and cut down some trees and damaged others. In addition, he created piles of debris, which he later burned. Whitman used a Caterpillar bulldozer to move the debris resulting from his work.

When the work began, Mr. Bench was on vacation. But on October 13th, he was back and he inspected the work area. He saw that Whiteman was almost done clearing away the vegetation. He had, however, pushed resulting debris onto plaintiff's property. Mr. Bench told Whiteman he could not leave or burn the debris there and to remove it. Mr. Bench, who did not himself return until early December, was aware that Whiteman was using a bulldozer while doing his work, had gone well beyond the boundary line, and, in general, had created a mess.

Plaintiff contends that, in addition to the loss of some and damage to other trees, Whiteman's work has altered the topography and hydrology of a portion of her property.

Due to the age of the trees and the fact that the area has remained largely undisturbed, the tree canopy is so dense that it restricts growth on the woodland floor. Plaintiff had to grade the work area and lay down topsoil; due to the loss of overhead canopy, invasive plant species have appeared in an area once free of weeds.

Whiteman's activities also led to clogging of a ditch that drained the woodland. As a result, plaintiff has, for the first time, experienced standing water in an area once drained by the ditch.

Plaintiff's complaint alleges common law trespass and statutory remedies under O.R.C. § 901.51 (including, per that section, treble damages) for loss of and damage to her trees, saplings, other vegetation and the impact on the habitat. In addition, she seeks punitive damages.

Pending is the defendants' motion for partial summary judgment, in which they seek dismissal of the claims for treble and punitive damages. (Doc. 19).

The defendants' motion and plaintiff's opposition come before me with the parties having the joint perception that the record suffices for me to decide the issues, and that no pertinent facts are in dispute.

I disagree.

On review of the parties' briefs and cases they cite and discuss, it is clear that whether treble and/or punitive damages are proper involves issues that are distinctly fact-bound. This is especially so because whether defendants acted recklessly, with regard to treble damages under O.R.C. § 901.51, or, with regard to punitive damages, with a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm, *see, eg., Preston v. Murty*, 32 Ohio St.3d 334, 335, 512 N.E.2d 1174, 1175 (1987), requires a determination of the defendants' state of mind.

One's state of mind depends on what one knew, when he knew it, and what he did or did not do about it. There is scant evidence as to these factors as to Mr. Bench, and none as to his son, who, plaintiff alleges, oversaw Mr. Whiteman's work.

So that I can adjudicate the pending motion on the basis of what the evidence might show as to the defendants' knowledge before and during Whiteman's work and their conduct in light of that knowledge, once gained, it is hereby

ORDERED THAT leave be, and the same hereby is, *sua sponte*, granted:

1. To the parties, if either desires to do so, to conduct further discovery, to be completed on or before June 30, 2016, on the issue of defendants' knowledge; and

2. To the plaintiff, if she desires, to file on or before July 29, 2016, a supplemental opposition to the defendant's pending motion; defendants are granted leave, if plaintiff files such brief, to file a supplemental reply on or before August 15, 2016.

3. If the parties prefer not to conduct further discovery as allowed and limited herein, or if they thereafter desire not to file supplemental briefs, they shall forthwith notify the undersigned that the case as presently before the Court is ready for decision.

So ordered.

/s/ James G.Carr
Sr. U.S. District Judge